IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 23-CR-01836 JCH |
| ) | |
| STEVEN O'NEIL , ) | |
| ) | |
| Defendant. ) | |

**UNOPPOSED MOTION TO CONTINUE TRIAL SETTING AND PRETRIAL DEADLINES**

Defendant Steven O'Neil, by and through his counsel of record, Todd J. Bullion of the Law Office of Todd J. Bullion, hereby moves this Honorable Court for a continuance of the trial setting, currently scheduled for February 18, 2025, and in support of his motion states:

1. Steven O'Neil is charged with Assaulting and Impeding a Federal Employee Using a Deadly and Dangerous Weapon (Doc. 2).

2. Trial in this matter is currently scheduled for February 18, 2025.

3. Mr. O'Neil is currently incarcerated.

4. Current counsel for Mr. O'Neil was appointed on May 8, 2024. Current counsel needs additional time to prepare for trial and negotiate a plea to adequately represent Mr. O'Neil.

5. Defendant respectfully requests a continuance of ninety (90) days to complete several tasks that are vital to the defense, if the plea isn't accepted. Specifically, Defendant requests additional time to prepare for trial and to complete the following tasks:

    A) To prepare and file any additional necessary pretrial motions.

   B) It is believed that a negotiated resolution in this matter may be possible and additional time is necessary to pursue such negotiations.

   C) Should plea negotiations not yield a resolution, defense counsel requires additional time to prepare for trial, meet with his client who is currently being held in Cibola County Correctional Center in Milan, New Mexico, and prepare any pretrial motions.

   D) To review discovery produced by the Government.

6. The right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Defendant will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7. Defendant agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Defendant and will potentially allow him to reach a favorable resolution with the government. Defendant's counsel respectfully request that the court continue the trial for the ninety days requested by counsel.

8. Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act

was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to consult with, and obtain, necessary expert witnesses, prepare and file pretrial motions, conduct a thorough review of all of the discovery in this matter and to interview any witnesses that may be necessary. Additionally, a continuance of the deadlines and jury trial in this matter will provide the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit the defendants by providing access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

9. Assistant United States Attorney, Eva Mae Fontanez does not oppose this motion for continuance.

WHEREFORE, Defendant, by and through undersigned counsel, respectfully request that this Court continue the jury trial and motions deadline as set forth above.

Respectfully submitted,

*/s/ Todd J. Bullion*
Todd J. Bullion
Law Office of Todd J. Bullion
4801 Lang Ave NE
Suite 110
Albuquerque, N.M. 87109
Telephone: (505) 494-4656
Email: todd@bullionlaw.com

-

I hereby certify that a true and correct copy
of the foregoing was electronically submitted
this 21st day of January, 2025 to:

Eva Mae Fontanez

Assistant United States Attorney

*/s/ Todd J. Bullion*
Todd J. Bullion
Law Office of Todd J. Bullion